No. 10,865.

J. M. BILLGERY ET AL. VS. L. ARNAULT, STATE TAX COLLECTOR.

The plaintiff must prove his alleged ownership of the property advertised for the payment of taxes to enable him to maintain the injunction and have the taxes canceled bearing on the property.

The title to part of the property was annulled by judgment.

To escape payment of the tax on the part to which they have no title, they can not maintain the position that their purchase of the judgment has had the effect of reviving the title it annuls.

By buying the judgment to which they were parties, and which had the effect of settling their indebtedness, they acquiesced in its correctness.

With reference to property not affected by the judgment and owned by plaintiffs:

The Article 123 of the Constitution of 1868 required the timely recordation of all mortgages or privileges to make them effectual against third persons.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*F. Michinard* for Plaintiffs and Appellants.

*Wynne Rogers* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J.    Petitioner, as tutor and individually, has obtained an injunction restraining the defendant State Tax Collector from selling their property for the State taxes (alleged as due) for the years.

1869, 1871, 1872, 1873, 1874, 1875, 1876 and 1878, under the provisions of Act 82 of 1884.

They allege that these properties were purchased by the late Joseph Billgery, from whom they inherit, at a sheriff's sale, on the 29th and 30th of September, 1874, under execution issued on a judgment for city taxes of 1873.

That at the date of the purchase none of the privileges or mortgages securing the claims of the State were recorded in the Mortgage Office, as at the time provided, in order to affect third persons, and that the assessments in the name of Francois Lacroix, subsequently to the adjudication, are illegal, null and void.

That the amount for which the property was adjudicated was ample to pay the claim of the State, at the time, had legal notice been given of their existence.

Plaintiffs plead prescription of three, five and ten years.

From a judgment rejecting their demand, and dissolving their injunction, plaintiffs appeal.

The plaintiffs are in error in alleging that the late Joseph Billgery bought at sheriff's sale, in 1874, all the property advertised for taxes.

There are twenty-one different descriptions in the deed of 30th September, of that year, numbered respectively from one to twenty-one, inclusive.

Of these six are advertised to be sold for taxes, viz.:   10, 11, 12, 13, 18 and 19 of the advertisement annexed to plaintiff's petition.

No. 19 was not one of the lots in the transfer of 30th September, 1874, and the records do not disclose that it was, at any time, transferred to plaintiff's author, although it is described in the judgment in favor of Parker, administrator, as property adjudicated September, 1874.

On the 1st day of July, 1875, Francois Lacroix, the tax debtor, mortgaged part of the property to Billgery, adjudicated to him (Billgery) at sheriff's sale on 30th September, 1874.

Two of these properties, 4 and 13 of the act of mortgage (Nos. 2 and 5 of the sheriff's deed, and 11 and 12 of the advertisement for tax sales) were thus mortgaged to secure $5500.

There were other lots included in the deed of mortgage not at all involved in the tax issues of this case.

In July, 1875, Joseph Billgery being dead, on the petition of E. T. Parker, as administrator of the succession of Francois Lacroix,

a judgment was rendered in favor of the plaintiff decreeing the said succession to be the owner of the lots of ground and improvements described in nine different descriptions in the petition.

Of these lots the first is advertised to be sold and is No. 18 of the advertisement.

The seventh also, and is No. 10 of the advertisement.

The second also, and is No. 11 of the advertisement.

The fifth also, and is Nos. 12 and 13 of the advertisement.

The eighth also, and is No. 19 of the advertisement.

As described in the judgment, lots 3, 4, 6 and 9, the title to which is annulled by said judgment, are not advertised and no taxes are claimed on them.

In the petition in the case of Parker vs. Jos. Billgery, the administrator prayed for a judgment setting aside and annulling the adjudication made September, 1874. This was avoided, the adjudication was not entirely annulled, but the Court decreed that plaintiff should recover the properties last described. The judgment does not refer to the remaining property adjudicated nor to the adjudication sought to be annulled.

In the judgment credit was given to the plaintiff Parker, administrator, for the rents of the property from the|day of the said adjudication.

Credit was given to the defendant for the sum paid by the adjudicatees to the sheriff, as the‘price of adjudication due for the taxes paid.

After allowing the proper credits the balance was against the heirs of Billgery in the sum of $999.75, which they were condemned to pay.

In August, 1879, the defendants in said case, who are the plaintiffs in the present case, bought the judgment which had been rendered against them and which recognized the title to the nine properties before mentioned to be in the succession of Francois Lacroix. They became the owners of the right of the plaintiff in that case as established by the judgment they bought.

The purchase price, when Billgery became the owner at the sheriff's sale in 1874, for the payment of the city taxes, was $2474. In allowing the credits before mentioned the price of the said adjudication and the taxes were included.

The plaintiffs are the owners of a judgment decreeing that they.

are not the owners of certain described property and that they are indebted in a certain sum which they have settled by buying the judgment.

Being parties in thus buying they have acquiesced to the terms of the judgment in such a manner as to preclude them from defeating the taxes previously assessed.

They can not be creditors and debtors of the same amount in one judgment. Eastin vs. Dugas, 4 L. 399.

Two of the properties having been mortgaged by Lacroix to Billgery in 1875 make it evident that these parties did not attach great importance to the title that the latter had acquired by the adjudication made to him.

Plaintiffs urge that an appeal was taken by them from the judgment they bought, and that it is pending at this time.

There is such an appeal in this court which remains undisposed of, for the reason that the defendants and appellants have become the owners of the judgment, and further proceedings are no longer possible.

The titles to 10, 11, 12, 13, 18 and 19 of the advertisement have been annulled by the judgment before mentioned; 19 never was plaintiffs' property.

The records do not disclose that Nos. 3, 4, 5, 7, 8, 9, 15, 16 and 17 ever was the property of plaintiffs or their author. They are, therefore, without interest as to these. Lot 4 of the adjudication, and 14 of the advertisement, is in the name of plaintiff's author, and all taxes of 1869, 1871, to and including 1877, are claimed.

The same is true of lot 6 of the adjudication and of the advertisement, with the exception that the delinquent list shows taxes due for 1874, 1875, 1876 and 1877.

With reference to these two properties no delinquent list was recorded at the time of the adjudication in 1874.

Art. 123 of the Constitution of 1868 required the recordation of all mortgages or privileges to make them effectual as against third persons. Jacob vs. Preston, 31 An. 517; 32 An. 148.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by annulling and canceling the State taxes for the years claimed on lot 4 of the adjudication and 14 of the advertisement, and on lot 6 of the adjudication, and the same number of the advertisement, and that as to these two lots (6 and

4) the injunction be made perpetual, and the taxes claimed on them annulled and canceled.

With reference to lots 3, 4, 5, 7, 8, 9, 15, 16 and 17 of the advertisement the judgment is affirmed.

With reference to lots 10, 11, 12, 13, 18 and 19, they are to be sold for the payment of any taxes assessed and properly recorded prior to 1878.

Judgment is amended as above at appellee's costs.